1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAURA GUTILLA,                             No.  1:15-cv-00191-DAD-BAM

12                  Plaintiff,

13        v.                                    ORDER APPROVING SETTLEMENT AND
                                                DIRECTING THE CLERK OF THE COURT
14   AEROTEK, INC. a corporation; and DOES      TO CLOSE THE CASE
     1-100, inclusive,
15                                              (Doc. No. 29)
                    Defendants.
16

17

18         On February 1, 2017, the parties filed a joint stipulation for dismissal of the action with

19   prejudice pursuant to Federal Rule of Civil Procedure 41(A)(1)(A)(ii).  (Doc. No. 29.)  Therein,

20   the parties stated that after engaging in mediation, they agreed to a settlement of plaintiff's

21   representative claims under the California's Private Attorney General Act ("PAGA").  Under

22   California law, the trial court must "review and approve" any settlement of claims brought

23   pursuant to PAGA.  Cal. Lab. Code § 2699($l$)(2).  Accordingly, the parties seek the court's

24   approval of the parties' settlement as to those claims.  (Doc. No. 29 at 2.)  On February 10, 2017,

25   the courted directed to the parties to submit supplemental briefing regarding the settlement.  (Doc.

26   No. 30.)  On March 6, 2017, the parties filed the supplemental briefing.  (Doc. No. 31.)  On

27   March 21, 2017, the court held a hearing for final approval of the settlement.  (Doc. No. 33.)

28   Attorney Vladimir Kozina appeared telephonically on behalf of plaintiff, and attorney Shannon

1    Nakabayashi appeared telephonically on behalf of defendant.  (*Id*.)  Having considered the

2    parties' request and arguments in support thereof, and for the reasons set forth below, the court

3    will grant the request for approval of settlement of plaintiffs' PAGA claims.

4                                                    **BACKGROUND**

5         On December 31, 2014, plaintiff filed this action against defendant in Stanislaus County

6    Superior Court.  The complaint asserted the following causes of action: 1) failure to pay

7    minimum wage; 2) failure to pay overtime; 3) failure to provide accurate wage statements; 4)

8    failure to timely pay wages; 5) failure to pay wages upon termination; 6) violation of federal

9    wage laws (overtime); 7) unfair business practices; and 8) sex/gender discrimination.  (Doc. No.

10   3-1 at 4.)  The complaint also asserted claims under PAGA.  (*Id*. at 6–7.)  The PAGA claims are

11   premised on the allegation that plaintiff, and other similarly-situated California employees of

12   defendant, were not properly classified as exempt because their base salary was less than twice

13   minimum wage and because the employees did not meet the duties test for exempt employees.

14   (*Id*. at 6–8.)  On February 5, 2015, defendant removed the action to this court.  (Doc. No. 2.)

15   Discovery in this action, however,  revealed that plaintiff and defendant's other similarly-situated

16   California employees received an additional guaranteed salary amount and regular cost of living

17   adjustment that brought their overall regular compensation over the legal minimum salary for

18   exempt employees in California.  (Doc. No. 31-1 at 2–3.)

19        On December 19, 2016, after engaging in this discovery, the parties agreed to and

20   executed a settlement agreement that resolved plaintiff's individual claims only.  (*See* Doc. Nos.

21   31-1 at 2; 31-2 at 1–2.)  In exchange for a confidential sum of money, plaintiff agreed to dismiss

22   her own wage and hour and discrimination claims, as well as her own PAGA claim, with

23   prejudice.  (*Id*.)  No PAGA penalties are to be paid as part of the settlement and no one's PAGA

24   claims are released except for plaintiff's.  (*Id*.)

25                                             **LEGAL STANDARD**

26        In 2003, the California Legislature enacted the Private Attorney General Act, Cal. Lab.

27   Code §§ 2698 et seq., after declaring (i) that adequate financing of labor law enforcement was

28   necessary to achieve maximum compliance; (ii) that staffing levels for state labor law

enforcement agencies have declined and were unable to keep up with a growing labor market;
(iii) that vigorous assessment and collection of civil penalties provides a meaningful deterrent to
unlawful conduct; and (iv) that it was therefore in the public interest to allow aggrieved
employees, acting as private attorneys general, to seek and recover civil penalties for Labor Code
violations.  2003 Cal. Stat. 6629.  Under PAGA, an "aggrieved employee" may bring an action
for civil penalties for labor code violations on behalf of herself and other current or former
employees.  Cal. Lab. Code § 2699(a).[1]  A plaintiff suing under PAGA "does so as the proxy or
agent of the state's labor law enforcement agencies."  *Arias v. Superior Court*, 46 Cal. 4th 969,
986 (2009).  Accordingly, a judgment in a PAGA action "binds all those, *including nonparty*
*aggrieved employees*, who would be bound by a judgment in an action brought by the
government."  *Id.* (emphasis added); *see also Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.
4th 348, 381 (2014) ("When a government agency is authorized to bring an action on behalf of an
individual or in the public interest, and a private person lacks an independent legal right to bring
the action, a person who is not a party but who is represented by the agency is bound by the
judgment as though the person were a party.").

The PAGA statute imposes a number of limits on litigants.  First, because a PAGA action
functions as a "substitute" for an action brought by the state government, a plaintiff suing under
PAGA is limited to recovery of civil penalties only, rather than damages available privately
through direct or class action claims.  *Id.*  Second, to bring an action under PAGA, an aggrieved
employee must first provide written notice to the LWDA as well as to the employer.  Cal. Lab.
Code § 2699.3(a)(1).  Third, any civil penalties recovered must be distributed as follows: 75
percent to the LWDA, and the remaining 25 percent to the aggrieved employees.  Cal. Lab. Code
§ 2699(i).

/////

/////

---

[1] An "aggrieved employee" is defined as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."  Cal. Lab. Code § 2699(c).

Finally, a trial court must "review and approve" any settlement of PAGA claims.  Cal. Lab. Code § 2699(*l*)(2).[2]  This court is unable to find, and the parties have not identified, any published authority identifying the proper standard of review of PAGA settlements to be employed by the court.  In the class action context, where PAGA claims often also appear, a district court must independently determine that a proposed settlement agreement is "fundamentally fair, adequate and reasonable" before granting approval.  *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)*; see also In re Heritage Bond Litigation*, 546 F.3d 667, 674-75 (9th Cir. 2008).  However, this is not a class action lawsuit, and PAGA claims such as the one before the court here are intended to serve a decidedly different purpose—namely to protect the public rather than for the benefit of private parties.  *See Arias*, 46 Cal. 4th at 986.  In one recent district court decision, the LWDA provided some guidance regarding court approval of PAGA settlements.  *See O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016), California Labor and Workforce Development Agency's Comments on Proposed PAGA Settlement ("LWDA Comments");[3] *see also Syed v. M-I, L.L.C.*, No. 1:12-cv-01718-DAD-MJS, 2017 WL 714367, at *13 (E.D. Cal. Feb. 22, 2017).  In that case, where both class action and PAGA claims were covered by a proposed settlement, the LWDA stressed that

> when a PAGA claim is settled, the relief provided for under the PAGA be genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public and, in the context of a class action, the court evaluate whether the settlement meets the standards of being "fundamentally fair, reasonable, and adequate" with reference to the public policies underlying the PAGA.

*O'Connor*, 201 F. Supp. 3d at 1133; *see also Syed*, 2017 WL 714367, at *13 (quoting same with approval).

/////

---

[2]  The proposed settlement must also be submitted to the LWDA at the same time it is submitted to the court.  *Id.*

[3]  *See also id.* at 3 ("The LWDA is not aware any existing case law establishing a specific benchmark for PAGA settlements, either on their own terms or in relation to the recovery on other claims in the action.").

Recognizing the distinct issues presented by class actions, this court is nevertheless persuaded by the LWDA's reasoning presented in *O'Connor* and therefore adopts its proposed standard in evaluating the PAGA-only settlement agreement now before the court.  Accordingly, the court will approve a settlement of PAGA claims upon a showing that the settlement terms (1) meet the statutory requirements set forth by PAGA, and (2) are fundamentally fair, reasonable, and adequate[4] in view of PAGA's public policy goals.

## DISCUSSION

Here, the proposed settlement of plaintiffs' PAGA claims is appropriate for approval.  In accordance with the statute's requirements, plaintiffs submitted notices of alleged Labor Code violations to the LWDA and defendant prior to bringing this action.  (*See* Doc. No. 31-2 at 1.)  In a declaration, plaintiff's counsel represents that the parties arrived at the settlement agreement after discovery revealed a lack of merit in the PAGA claims.  (*See* Doc. No. 31-1 at 2.)  No PAGA penalties are paid as part of the settlement and no one's PAGA claims are released except for plaintiff's own.  (*Id.*)  Moreover, plaintiff has submitted a copy of the settlement to the LWDA through its online portal on February 1, 2017, and the LWDA has not commented on or objected to the settlement.  (*Id.*)  Having reviewed the parties' submission and the terms of the proposed settlement, the court finds that the settlement of plaintiffs' PAGA claims is fair, reasonable, and adequate in light of the public policy goals of PAGA.

## CONCLUSION

For the reasons set forth above, the court is satisfied that the settlement of plaintiffs' PAGA claims is fundamentally fair, reasonable, and adequate in light of the public policies underlying PAGA.  Accordingly,

1.  The parties' settlement agreement is approved with respect to plaintiffs' PAGA claims;

---

[4]  The court's determination as to fairness, reasonableness, and adequacy may involve a balancing of several factors including but not limited to the following: the strength of plaintiffs' claims; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; and the experience and views of counsel.  *See Officers for Justice*, 688 F.2d at 625.

5

2.  Plaintiffs are directed to submit a copy of this order to the LWDA within ten days of the date of this order;

3.  Pursuant to Federal Rule of Civil Procedure 41(A)(1)(A)(ii) and the parties joint stipulation for dismissal (Doc. No. 29), filed February 1, 2017, this action has been dismissed with prejudice and without an award of attorneys' fees or costs; and

4.  The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **March 21, 2017**

_____
UNITED STATES DISTRICT JUDGE

6